

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



F I L E D

JUN 0 9 2020

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

Donna Washington

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

See attached

*(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. **2 0 CV 2 6 7 JED** -FHM

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*



— Mail    — No Cert Svc    — No Orig Sign
— C/J    — C/MJ    — C/Ret'd    — No Env
— No Cpys    — No Env/Cpys    — O/J    — O/MJ

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

IFP
& summ

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                Donna Washington
Street Address      1935 S. 140th E. Ave
City and County     Tulsa
State and Zip Code  Oklahoma, 74108
Telephone Number    (918) 576-1402
E-mail Address      DWashington.lee@Gmail.com

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name                      See attached
Job or Title
(if known)
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address
(if known)

☐   Individual capacity        ☐   Official capacity

2

Defendant No. 2

    Name                       _____

    Job or Title           _____
    (if known)

    Street Address      _____

    City and County    _____

    State and Zip Code  _____

    Telephone Number  _____

    E-mail Address      _____
    (if known)

    ☐   Individual capacity      ☐   Official capacity

Defendant No. 3

    Name                       _____

    Job or Title           _____
    (if known)

    Street Address      _____

    City and County    _____

    State and Zip Code  _____

    Telephone Number  _____

    E-mail Address      _____
    (if known)

    ☐   Individual capacity      ☐   Official capacity

Defendant No. 4

    Name                       _____

    Job or Title           _____
    (if known)

    Street Address      _____

    City and County    _____

    State and Zip Code  _____

Telephone Number    _____

E-mail Address    _____
(if known)

☐   Individual capacity      ☐   Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☑   State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The Oklahoma State Department of Human Services, violated my 4th, 5th, and 14th Constitutional rights.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State

D.      Section 1983 allows defendants to be found liable only when they have acted
        "under color of any statute, ordinance, regulation, custom, or usage, of any State
        or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing
        under section 1983, explain how each defendant acted under color of state or local
        law. If you are suing under *Bivens*, explain how each defendant acted under color
        of federal law. Attach additional pages if needed.

        See attached- Section "D" of the complaint.

III.    **Statement of Claim**

        State as briefly as possible the facts of your case. Describe how each defendant was
        personally involved in the alleged wrongful action, along with the dates and locations of
        all relevant events. You may wish to include further details such as the names of other
        persons involved in the events giving rise to your claims. Do not cite any cases or
        statutes. If more than one claim is asserted, number each claim and write a short and
        plain statement of each claim in a separate paragraph. Attach additional pages if needed.

        A.      Where did the events giving rise to your claim(s) occur?

                The events arose, at the plaintiffs home.

        B.      What date and approximate time did the events giving rise to your claim(s) occur?

                The events arised on June 15th, 2018, around 7:00 p.m.

        C.      What are the facts underlying your claim(s)? *(For example: What happened to
                you? Who did what? Was anyone else involved? Who else saw what happened?)*

                See attached - Statement of the Claim

5

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

IV.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached- Injuries and Relief.
_____
_____
_____
_____
_____
_____

V.    **Relief**

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See attached- Injuries and Relief
_____
_____

6

_____

_____

_____

_____

_____

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/08/, 2020

Signature of Plaintiff  *Donna Washington*

Printed Name of Plaintiff  *Donna Washington*

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm          _____

Address                   _____

Telephone Number          _____

E-mail Address            _____

Page 1 of 4

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

<u>Defendant Contact List</u>

**Defendant No. 1**

| | |
|---|---|
| Name | <u>Naciska Gilmore</u> |
| Job Title | <u>Child Welfare Specialist</u> |
| Street Address | <u>444 S. Houston</u> |
| City and County | <u>Tulsa</u> |
| State and Zip Code | <u>Oklahoma, 74127</u> |
| Telephone Number | <u>(918) 581-2033</u> |
| E-mail Address | <u>Naciska.Gilmore@OKDHS.org</u> |

_____ Individual capacity      ✓_____ Official Capacity

**Defendant No. 2**

| | |
|---|---|
| Name | <u>Latressa Avery</u> |
| Job Title | <u>Child Welfare Specialist IV</u> |
| Street Address | <u>444 S. Houston</u> |
| City and County | <u>Tulsa</u> |
| State and Zip Code | <u>Oklahoma, 74127</u> |
| Telephone Number | <u>(918) 581-2033</u> |
| E-mail Address | <u>LaTressa.Avery@OKDHS.org</u> |

_____ Individual capacity      ✓_____ Official Capacity

**Defendant No. 3**

| | |
|---|---|
| Name | <u>Charene Nowicki</u> |
| Job Title | <u>Child Welfare Supervisor</u> |
| Street Address | <u>444 S. Houston</u> |
| City and County | <u>Tulsa</u> |

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

State and Zip Code        Oklahoma, 74127

Telephone Number       (918) 581-2033

E-mail Address            Charene.Nowicki@OKDHS.org

_____ Individual capacity        ✓ Official Capacity

**Defendant No. 4**

Name                    Margaret Eagler

Job Title                Child Welfare Specialist II

Street Address          444 S. Houston

City and County          Tulsa

State and Zip Code        Oklahoma, 74127

Telephone Number       (918) 581-2033

E-mail Address            Margaret.Eagler@OKDHS.org

_____ Individual capacity        ✓ Official Capacity

**Defendant No. 5**

Name                    Vannessa Stinnett

Job Title                Child Welfare Worker

Street Address          444 S. Houston

City and County          Tulsa

State and Zip Code        Oklahoma, 74127

Telephone Number       (918) 581-2033

E-mail Address            Vanness.Stinnett@OKDHS.org

_____ Individual capacity        ✓ Official Capacity

Page 3 of 4

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

**Defendant No. 6**

Name                    Scott Woodson

Job Title               CSM Facilitator

Street Address          444 S. Houston

City and County         Tulsa

State and Zip Code      Oklahoma, 74127

Telephone Number        (918) 581-2033

E-mail Address          Scott.Woodson@OKDHS.org

\_\_\_\_ Individual capacity      \_\_\_\_ Official Capacity

**Defendant No. 7**

Name                    Ashley Dugger

Job Title               Child Welfare District Supervior

Street Address          444 S. Houston

City and County         Tulsa

State and Zip Code      Oklahoma, 74127

Telephone Number        (918) 581-2033

E-mail Address          Ashley.Dugger@OKDHS.org

\_\_\_\_ Individual capacity      \_\_\_\_ Official Capacity

**Defendant No. 8**

Name                    The Oklahoma State Department of Human Services

Job Title               Child Welfare Division

Street Address          444 S. Houston

City and County         Tulsa

Page 4 of 4

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

State and Zip Code        Oklahoma, 74127

Telephone Number        (918) 581-2033

E-mail Address        N/A

_____ Individual capacity        ✓ Official Capacity

Donald Washington
1935 S. 140th E. AVE
TULSA, OK 74108
(918) 576- 1402
06/08/2020

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

## SECTION "D" of Complaint

**Defendant No.** 1 Child Welfare Specialist Naciska Gilmore

- Intentionally trespass against the Plaintiff. When defaming the Plaintiff's character. Upon submitting fraudulent documents to the court, while in official capacity; with no supporting facts. While also failing to seek local law enforcement to investigate or validate her alleged claims, of a child crime. Resulting in the unjust removal of the Plaintiff's child.

- Abducted the Plaintiff's child. With the use of a fraudulent warrant and excessive force, while in official capacity.

- Concealed the Plaintiff's child. While wrongfully having the minor child medically treated; while in official capacity.

- Continued aiding the agency with its abduction. After medical doctors eliminated the agency's claim for medical neglect, keeping the Plaintiff's child concealed; while in official capacity. Obstructing justice from the Plaintiff.

**Defendant No 2.** Child Welfare Specialist IV Latressa Avery

- Supported the agency with the abduction of the Plaintiff's minor child. When failing to intervene, while in her official capacity. Upon receiving awareness, of the agency wrongdoings. Taking no action, allowing the misconduct to conspire.

- Supported the agency with the abduction of the Plaintiff's minor child. When Willfully providing fraudulent facts in court, to the Judge. Against the Plaintiff, with lack of evidence. While in official capacity.

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

- Denied the Plaintiff's placement option. Refusing to allow the minor child, to be with his natural father. While in the State's custody; due to personal agendas. Depriving the Plaintiff's civil rights as a parent; while in her official capacity.

- Threatened and harassed the Plaintiff, while in official capacity. Upon the Plaintiff seeking relief from the agency, for its misconduct. In means of support to the agency's wrongdoings.

**Defendant No 3.** Child Welfare Supervisor Charene Nowicki

- Acted out of authority, when presenting a false case to the court, against the plaintiff; without any supporting proof. While in official capacity.

- Supported the agency's misconduct. When failing to intervene upon the awareness of the agency's wrongdoings. While in official capacity. Obstructing justice against the Plaintiff.

- Misused government power; while in official capacity. When wrongfully seeking access to the Plaintiff's remaining children in the home. While threatening the Plaintiff to use the Judge. In attempts to force compliance, of her wrongful demands.

- Harassed the Plaintiff, while misusing government power; while in her official capacity. By restricting access to the Plaintiff's child. As means to force cooperation, with her wrongful demands, for accessing the Plaintiff's other children.

- Aided the agency in its conspiracy against the Plaintiff's minor child.  When allowing the agency to continue and set medical appointments; while being in official capacity. Were medical misconduct was taking place. In the forced absence of the mother (Plaintiff).

D. Washington vs Oklahoma State Department of Human Services    Filed: 06/08/2020

While being in her official capacity. Having the full knowledge, the child was medically
cleared by doctors. Upon the child being removed, from the home.

**Defendant No.** 4 <u>Child Welfare Specialist II Margaret Eagler</u>

- intentionally submitted fraudulent claims against the Plaintiff's character; with no
  supporting evidence.  While in her official capacity. When aiding the agency with its
  criminal activities.

- Willfully admitted to knowing, three months after malicious prosecution; that the
  Plaintiff has not been judged to have an abuse or neglect charge. However, proceeded
  with moving the case forward. While in her official capacity.

- Failed to intervene, when review medical evidence. Showing the agency's wrongful
  custody; for the Plaintiff's minor child. When leaving the case. Supporting the agency,
  with their wrongdoings. While being in her official capacity.

- Wrongfully misused government power, while in her official capacity. To demand
  private access to the Plaintiff's child. While threatening the use of judge.  As an attempt
  to force compliance.  Aiding the agency's criminal activities.

**Defendant No.** 5 <u>Child Welfare Worker Vannessa Stinnett</u>

- Failed to intervene and take any action; while in her official capacity. Upon her
  awareness; for the agency's misconduct. Obstructing justice from the Plaintiff. When
  keeping quiet. While only passing the information, back to the wrongdoer.

**Defendant No.** 6 <u>Child Welfare CSM Facilitator Scott Woodson</u>

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

- Failed to intervene; while in his official capacity. Upon his awareness, of the agency's misconduct. Supporting the agency with their wrongdoings. While obstructing justice from the Plaintiff. By refusing to act any capacity towards the agency's misconduct. Allowing the case to be transferred into a Permanency Unit.

**Defendant No. 7** Child Welfare District Supervisor Ashley Dugger

- Failed to intervene and take action, while in her official capacity. Upon her awareness, of the agency's misconduct. Supporting the agency, in its wrongdoing. By allowing the misconduct to conspire. While obstructing justice from the Plaintiff.

**Defendant No. 8** The Oklahoma State Department of Human Services

- The Oklahoma State Department of Human Service is held liable, for the misconduct and criminal activities; of its Child Welfare Division.

- The Oklahoma State Department supported its Child Welfare Division, in its criminal activities. By misusing State power. When illegal filing fraudulent claims with the court, against the Plaintiff, with no supporting proof or evidence. Allowing for the deprivation and violations of the Plaintiff's constitutional and civil rights.

Donna Washington
1935 S. 140th E. Ave
Tulsa, OK 74108
(918) 576-1462
06/08/2020

D. Washington vs Oklahoma State Department of Human Services     Filed: 06/05/2020

## STATEMENT OF THE CLAIM

1. The Child Welfare Division for the Oklahoma State Department of Human Services, began inflicting constitutional harassment towards the Plaintiff on or around June 13th, 2018. Upon, the Plaintiff completing a medical neglect investigation conducted by its employee Child Welfare Specialist Naciska Gilmore. To which no substantial evidence was found in regards to referral # 1924262.  In which the agency began placing threats with the Plaintiff. Asserting false claims against her. While threatening to remove her minor child out of the home.

2. The Plaintiff received another phone call from the agency, inflicting more harassing threats on or around June 14th, 2018. Escalating the threats, to now having the District Attorney involved. In order, to rid the Plaintiff of her parental rights along with the custody right of her minor child. Claiming a medical appointment was purposely neglected. To which later discovery shows, the agency cancelling the Plaintiff's medical appointment. In which the Plaintiff had scheduled for her child.

3. Before the Oklahoma State Department of Human Services, illegally had the child removed from the home on June 15th, 2018. The agency acted under color of law and conspired with Dr. Siegler and his office; to intentionally trespass against the Plaintiff. When knowingly breaking federal laws and falsely using governmental privileges. Upon, illegally accessing the Plaintiff's medical records and altering them. With the intent for gaining unlawful custody, of the Plaintiff's minor child; by alleging medical neglect.

4. The Oklahoma State Department of Human Services, intentionally trespassed against the Plaintiff. When filing fraudulent documents against her and swearing by oath to

STATEMENT OF THE CLAIM                    Filed: 06/05/2020

maliciously have her prosecuted in court. While depriving the Plaintiff, a jury of her

peers. When placing defamatory statement against her character, without any

supporting evidence. By which the Plaintiff was left, to clear her own case. Having it

dismissed in court, on November 26th, of 2018.

5.  The Child Welfare Division for the Oklahoma State Department of Human Services,

deprived the Plaintiff; procedural due justice of the law. When failing to follow rules and

regulations, for lawfully obtaining State Emergency Custody; of her minor child. Upon

wrongfully having him removed the home, on June 15th, 2018. Depriving the Plaintiff,

liberty to a happy family life. When mishandling state power, to remove custody on un-

qualifying grounds, according to federal law.

6.  Upon, illegally taking the Plaintiff's child into State Emergency Custody; on June 15th, of

2018. The Oklahoma State Department for Human Services, also failed to perform their

duties as required by the Constitution. When violating other established federal laws set

in place for its agency; upon conducting investigations and removing children from the

home. While denying the Plaintiff, procedural due justice of law. When failing to follow

proper procedures, for reporting to local law enforcement. For purposes of investigating

and/or validating any criminal allegations of a child crime; placed or made by the

agency. Before seeking their prosecution, against the Plaintiff.

7.  Upon the Plaintiff refusing to open her door to Child Welfare Specialist Naciska Gilmore

and Child Welfare Specialist IV Latressa Avery, with the Oklahoma State Department for

Human Services; on June 15th, 2018. After being threatened and harassed by their

agency. The Oklahoma State Department for Human Services, began to further abuse its

powers. By engaging in excessive force, in order to gain illegal access to the Plaintiff

Child. Intentionally using fraudulent warrants and having eight to ten police officers to

trespass and unlawfully break and enter into the Plaintiff's home. Aiming a weapon

(automatic rifle i.e. Ak-47, 223, m16) at the Plaintiff and her children. Violating the

Plaintiff's constitutional right to be secure in home and in person; along with her rights

to procedural due justice of law.

8.   Upon the Plaintiff refusing to hand over her minor child. After the agency illegally broke

and entered into the Plaintiff's home. The Child Welfare Division for the Oklahoma State

Department of Human Service began escalating the excessive force and wrongfully

detained the Plaintiff. While threatening to remove her other children, as a means to

force compliance. Acting under color of law, upon medically kidnapping the Plaintiff's

child from the home. Inflicting mental anguish and distress. Continuing to deprive the

Plaintiff of her right to be secure in home and in person. Along with civil rights for a

happy family life.

9.   Child Welfare Specialist Naciska Gilmore, with the Oklahoma State Department for

Human Services, overrode the Plaintiff's parental rights. After illegally removing the

child from the home. Unlawfully having her minor child medically treated, later that

evening on June 15$^{th,}$ 2018. Claiming false emergency medical care was needed for the

minor child. While refusing to provide the Plaintiff, with the information regarding the

location of her minor child. Inflicting mental anguish and distress, while depriving the

Plaintiff of her parental rights.

STATEMENT OF THE CLAIM                    Filed: 06/05/2020

10.  After medical doctors reported to the agency that evening, on June 15th, 2018. The
     Plaintiff's child showed No medical issues or health concerns. Child Welfare Specialist
     Naciska Gilmore, with the Oklahoma State Department for Human Services, failed to
     uphold the law and refused to return the minor child back to the Plaintiff. Aiding the
     agency, with its unjust custody for the minor child. After having the child professionally
     seen and medically cleared by doctors. Eliminating the agency's claim for their State
     Emergency Custody.

11. Child Welfare Specialist IV Latressa Avery, with the Oklahoma State Department of
     Human Services, called the Plaintiff late night; on June 15th, 2018. Refusing to act in any
     capacity towards the Plaintiff's concern; regarding the agency's unjust custody of her
     minor child. Informing the Plaintiff, it was too late to have anything fixed and directing
     her to take things up with the judge at this point. Aiding the agency with its wrongful
     removal. While denying the Plaintiff's placement option, for her child to be with his
     natural father; with no giving reason. Further, inflicting mental anguish and distress
     against the Plaintiff.

12. Immediately upon the Plaintiff seeking support from the natural father, of her minor
     child. The agency vindictively filed for a Deprived Adjudication and Disposition with
     immediate termination of parental rights, on June 25th, 2018; for the natural father and
     the Plaintiff both. Restricting access to the Plaintiff's minor child. While attacking her
     support system and violating her procedural rights, to due justice of the law. Inflicting
     even more emotional distress, towards the Plaintiff.

STATEMENT OF THE CLAIM          Filed: 06/05/2020

13. After the Plaintiff placed concerns with the agency, in regards to misconduct of another Child Welfare Worker; with the Oklahoma State Department of Human Services. Child Welfare Specialist IV Latressa Avery, responded to the Plaintiff by email; on June 10th, 2018. Threatening the Plaintiff, to permanently have defamatory statements against her character, placed into her files. Inflicting mental anguish, by engaging in misconduct.

14. Upon the Plaintiff obtaining physical evidence, showing the agency had knowledge; of her minor child being medically cleared for medical neglect. The Plaintiff placed even more concern with the agency. In return Child Welfare CSM Facilitator Scott Woodson, with the Oklahoma State Department for Human Services failed to uphold the law. Reusing to act in any capacity regarding the Plaintiff's case. Allowing the case be transferred into a permanency unit. Instructing the Plaintiff to direct all inquiries with her worker.

15. Upon the Plaintiff providing further awareness to the agency, in regards for having wrongful custody of her minor child. While placing further inquiries, for having him returned home. With Supervisor Charene Nowicki, in the Permanency Unit, for the Oklahoma State Department of Human Services. In return Child Welfare Supervisor Charene Nowicki, aided the agency. When failing to act in any capacity, towards the Plaintiff's complaint. While harassing the Plaintiff and misusing governmental privileges. Upon wrongfully seeking access to the remaining children, in the Plaintiff's home. While withholding visitation, with the Plaintiff's child; as an attempt to force compliance.

16. Upon the Plaintiff placing concern with her Permanency Worker Vannessa Stinnett, with the Oklahoma State Department for Human Services, June 17th, 2018. In regards to

STATEMENT OF THE CLAIM                    Filed: 06/05/2020

negligence and misconduct, of the Permanency Supervisor Charene Nowicki; with the

Oklahoma State Department of Human Services. In return, Permanency Worker

Vannessa Stinnett failed to act in any capacity towards the Plaintiff's complaint. While

assisting the agency. By remaining quiet of the situation. Only passing the knowledge,

back to the wrongdoer. Inflicting mental anguish and distress, upon the Plaintiff.

17.  The Child Welfare Division for the Oklahoma State Department of Human Services,

intentionally conspired with Dr. Seigler and his office. By switching the date for the

child's medical appointment and failing to provide the Plaintiff with the information.

Denying the Plaintiff the opportunity, to attend the medical procedure of her minor

child. From were misconduct had taken place, during testing procedures and inaccurate

testing results were used. As an attempt to show justification, for the agency's unlawful

Custody, of the Plaintiff's minor child.

18. After the agency conspired to have test result influenced, for the Plaintiff's minor child.

The Child Welfare Division for the Oklahoma State Department Human Services,

engaged in malice behaviors; requesting life-threatening surgery for the minor child.

Immensely, inflicting mental anguish and emotional distress towards the Plaintiff.

19. After the Plaintiff filed a complaint with the Oklahoma State Medical Board, against Dr.

Siegler; in June of 2018. Upon the doctor, continuing to work with the agency. In

Regards to medical fraud and misconduct, involving her minor child. Child Welfare

Supervisor Charene Nowicki, with the Oklahoma State Department for Human Services

began harassing the Plaintiff. When spitefully, placing even tighter restrictions on

communication; with the Plaintiff's minor child. While demanding access, to the

STATEMENT OF THE CLAIM                    Filed: 06/05/2020

remaining children in the Plaintiff's home. Mishandling government power to force

compliance. When threatening to have the judge provide access, to her remaining

children.

20.  Upon the Plaintiff placing concern with the Child Welfare District Supervisor Ashley

Dugger, for the Oklahoma State Department of Human Services. In regards to the

misconduct of its employee, Child Welfare Supervisor Charene Nowicki.  In return, Child

Welfare District Supervisor Ashley Dugger, failed to act in any capacity towards the

Plaintiff's complaint. Supporting the agency. By allowing the unlawful actions of the

employee, to remain uncorrected. Inflicting more mental anguish against the Plaintiff.

21. The Child Welfare Division for Oklahoma State Department of Human Services, reverted

back to malice behaviors. Seeking a second attempt, for placing the Plaintiff's child

under major surgery. By changing the child's primary care provider and placing

fraudulent medical claims against him. While defaming the Plaintiff's character and

depriving her the chance to attend, any of the child's medical appointments. Inflicting

mental anguish and distress towards the Plaintiff. Upon the deprivation, of her civil

liberties.

22. The Oklahoma State Department of Human Services began creating state dangers; in

their attempt, to justify their malicious behavior. By forcing the Plaintiff's minor child to

see a therapist, while in state custody. As means for brainwashing and persuading the

child. To believe in a false disorder. He does not have. Causing future mental trauma

and medical matters for the minor child. Inflicting an enormous amount of emotional

distress and mental anguish upon the Plaintiff for the damages caused.

STATEMENT OF THE CLAIM                    Filed: 06/05/2020

23.  The Child Welfare Division for the Oklahoma State Department of Human Services,

further escalated their attempt; to justify their malicious behaviors. When conspiring,

with other government offices; to entrap the Plaintiff. By intentionally slandering the

Plaintiff's name and submitting fraudulent claims with other governmental agencies.

While unlawfully requiring the Plaintiff, to undergo their mental health services and

demanding to have those results; released back to their agency. Before custody could be

return of her minor child. Inflicting mental harassment towards the Plaintiff.

24.  After the Plaintiff hired a private attorney, to gain custody back of her minor child. The

Oklahoma State Department of Human Services, spitefully filed for Temporary Oder

after Petition on September 10th, 2018. To maintain illegal access, to the Plaintiff's minor

child. Claiming it would be beneficial for the agency to supervise the case. Further

inflicting constitutional harassment, towards the Plaintiff.

25. Upon the Plaintiff hiring a private attorney. The Child Welfare Division for the Oklahoma

State Department of Human Services, vindictively began stealing funds and attacking

the Plaintiff's financial lively hood. By wrongfully placing child support against the

Plaintiff and illegally removing her child's disability check. Inflicting mental anguish and

emotional distress against the Plaintiff. While still currently stealing funds. Upon

recently removing the Plaintiff's child support payments in May of 2018; to recover

foster care fees. During the time her child was wrongfully in State Custody.

26. Child Welfare Specialist II Margaret Eagler with the Oklahoma State Department of

Human Services failed to uphold federal laws. Obstructing justice, after admitting to

knowing three months after the malicious prosecution; that the Plaintiff has not been

judged to have an abuse or neglect charge. However, still failed to have custody of the

minor child rightfully returned; back to the Plaintiff.

27. After reviewing evidence from the Plaintiff, during a home visit in October of 2018. Child

Welfare Specialist II Margaret Eagler with the Oklahoma State Department of Human

Services, continued breaking federal laws and obstructing justice. Allowing the Plaintiff's

case to remain open. While violating her civil rights for an additional 60 days. Until the

Plaintiff, was able to have the case dismissed in court.

28.  When, acknowledging the Plaintiff obtained physical evidence from the doctors to clear

her name. Upon gaining custody back of her minor child. Child Welfare Specialist II

Margaret Eagler with the Oklahoma State Department for Human Services, began

demanding private access to the Plaintiff's child. While harassing the Plaintiff and using

threat tactics, to involving the judge. As an attempt to force cooperation out of the

Plaintiff.

29. The Oklahoma State Department for Human Services, conspired with the child's school

to claim seizure activity. As another attempt to sustain fraudulent evidence. Using

conflicting reports from the schools and acting on fraudulent claims for medical neglect.

Engaging in more malice behaviors.

30.  Upon the Plaintiff providing medical care for her minor child; due to the school incident

on November 13th, 2018. The Child Welfare Division for the Oklahoma State Department

of Human Services, began harassing the Plaintiff; in the middle of her son's doctor visit.

While seeking to begin a new investigation. Along with access to interview the

STATEMENT OF THE CLAIM                    Filed: 06/05/2020

remaining children in her home. Threatening to report noncompliance, if the Plaintiff

does not cooperate with their new demands.

31. Upon the Plaintiff having her case dismissed on November 26th, 2018. The Oklahoma

State Department for Human Services, continued to defame the Plaintiff's character. By

maintaining fraudulent records against her. Informing the Plaintiff, that although the

case was dismissed. It would still read differently in other files. In which Plaintiff

requested entire copy of her case; including any personal notes.  However, the agency

only distributed limited falsified documents. Denying the Plaintiff, the right to see what

was on her files; with their agency.

Donna Washington
1935 S. 140th E Ave
Tulsa, Ok 74108
(918) 576-1402
06/08/2020

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

## Injuries and Relief

1. The Plaintiff seeks a total of $39,300 in relief; for the following economic damages:

Economic Damages

- Lawyer fees - $4,000

- Medical fees - $500

- Traveling fees - $300

- Missed work - $800

- Property damages - $250

- Mailing fees - $125

- Copying fees - $150

- Printing fees - $175

- Stolen funds with generated late fees $13,000

- Needed mental health care, with a comprehensive child - centered approach to recovery and healing for the minor child - $10,000

- Needed mental health care, with a comprehensive client - centered approach to recovery and healing for the Plaintiff - $10,000

2. The Plaintiff seeks money damages, for relief with each of the following claims:

Non – economic damages

- Civil Tort - Intentional infliction of emotional distress - $350,000

- Civil Tort - Malicious prosecution - $350,000

- Civil Tort - Intentional intent to trespass to land - $350,000

D. Washington vs Oklahoma State Department of Human Services        Filed: 06/08/2020

- Civil Tort - Intentional intent to chettle - $350,000

  Basis for non – economic damages:

- Impact of a home invasion

- Impact from child abduction

- Impact from child concealment

- Impact from excessive force, with use of a deadly weapon and wrongful detainment.

- Psychological effects from unconstitutional treatment towards the Plaintiff

- Psychological effects for unconstitutional treatment towards my minor child

- Impact on daily life associated with these psychological effects

- Emotional distress brought against the Plaintiff

- Mental anguish brought against the Plaintiff

- Sense of loss, betrayal, and trust for the Oklahoma State government and its justice system, in which I reside.

3. The Plaintiff seeks a total of $500,000 in the amount of punitive damages.

Malice acts of the Department

- Infringement of the Constitutional Law

- Intentional intent to violate other established federal laws

- Intentional misuse of government power

- Home invasion with use of government power

- Child abduction with the use of government power

- Child concealment

D. Washington vs Oklahoma State Department of Human Services        Filed: 06/08/2020

- Failing to put my child's safety 1st

- Conspiring with other government agencies and offices. Were all parties profited off my son.

- Force to suffer at the actions of the Department.

- Created dangers for the mental and emotional delays of my minor child.

- Lack of justification for excessive force.

- Lack of justification for removing the child from the home.

- Lack of justification for depriving the Plaintiff's civil rights

- Lack of justification for prosecuting the Plaintiff.

Basis for Punitive Damages

The agency poorly mishandled, the powers bestowed to them by the Constitution, to protect the public's health, welfare, and morals. The defendants were proven wrong in the court of law. On top of, harassingly admitting their knowledge and awareness for their wrongdoings. However, has not been punished for their criminal and illegal activities; and refuses to amended their actions. Causing the Plaintiff to endure hardship and immense stress, worry and anxiety upon the pursuit of her justice and redress. In which the Plaintiff, is entitled to by the constitutional law.

Regardless of the abductor's motive/s, abduction it is an illegal act that has lasting consequences for the abducted child, the custodial parent, and the abducting family members. It is a crime in all 50 states and in the District of Columbia. The Plaintiff seeks

D. Washington vs Oklahoma State Department of Human Services      Filed: 06/08/2020

punitive damages. To punish the defendant for their outrageous conduct and to deter

others from engaging in such conduct, from which is formed on the basis of this lawsuit.

   While improving the efforts when implementing and coordinating intervention and

prevention programs. With the implementation of legal and effective actions and behaviors. So

that it protects public safety, providing only treatment and rehabilitative services truly needed.

While tailored to the needs of the client and their families. And To avoid the temptation in

overstepping parental rights; while implementing morals rights. By respecting the rights of

parents to make decisions regarding their children's healthcare. Without their child being taken

into foster care and cps custody.

Dnna Washington
1935 S. 140th E. Ave
Tulsa, OK 74108
(918) 576-1402
06/08/2020